```
              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF WEST VIRGINIA

                         CHARLESTON


WILLIAM L. GARRETT, JR.,

       Plaintiff,

v.                                      Case No. 2:08-cv-1150

DENVER RUSSELL, MARK CRAWFORD,
PAUL LYTTLE, JANET PAYNE,
JOHN C. YOUNG, BRIAN GREENWOOD,
MR. BOSTIC, MR. MIKE SAWYER,
MR. PAUL PERRY, CCO MAJOR ROBERT RHODES,
DAVID BALLARD, LARRY PETTEY, and
KATHY DILLION,

       Defendants.
```

## PROPOSED FINDINGS AND RECOMMENDATION

By Standing Order, this action was referred to this Magistrate Judge for submission of proposed findings and recommendation for disposition. Pursuant to the provisions of 28 U.S.C. § 1915A, the court is obligated to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On review, the court must dismiss the case if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted. A "frivolous" case has been defined as one which is based on an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). This screening is done "as

soon as practicable after docketing," which the court understands to mean that screening should occur prior to consideration of the Application to Proceed in forma pauperis.

Plaintiff is an inmate at Mount Olive Correctional Complex. He has filed several actions over the years.  The first action was filed February 12, 1996: Garrett v. Trent, No. 5:96-cv-108 (S.D. W.Va. July 18, 1997)(Faber, J).  In his final Order denying relief, Judge Faber advised Plaintiff that if he wishes to file another action, he must comply with the pertinent rules and procedures.

The second action was filed December 18, 1998: Garrett v. Davis, No. 5:98-cv-1204 (S.D. W.Va. Mar. 24, 1999)(Chambers, J). This action, complaining of alleged denial of access to the courts, was determined to be frivolous and to fail to state a claim upon which relief can be granted.

His third and fourth actions were filed on November 18 and 19, 1999: Garrett v. John Doe Inmate, No. 5:99-cv-1024 (S.D. W. Va. Dec. 30, 1999)(Haden, C.J.), and Garrett v. Mount Olive Correctional Complex, 5:99-cv-1031 (S.D. W. Va. Dec. 30, 1999)(Haden, C.J.).  These cases were consolidated and determined to be frivolous and to fail to state a claim upon which relief can be granted.

Plaintiff's fifth case was filed December 14, 1999: Garrett v. United States Postal Service, 5:99-1117 (S.D. W. Va. Jan. 25, 2000)(Haden, C.J.).  It, too, was dismissed as frivolous and as

2

failing to state a claim upon which relief can be granted. In addition, the District Court counted the action as a frivolous case pursuant to 28 U.S.C. § 1915(g).

Since then, Plaintiff has filed <u>Garrett v. McCoy</u>, No. 5:01-cv-0301 (S.D. W. Va. Aug. 7, 2001) (Faber, J.), <u>Garrett v. Dillon</u>, No. 2:01-cv-1024 (S.D. W. Va. Feb. 14. 2002) (Copenhaver, J.), <u>Garrett v. Slatton</u>, 5:02-cv-1102 (S.D. W. Va. Feb. 7, 2003) (Haden, J.), and <u>Garrett v. Crawford</u>, No. 5:04-cv-0781 (S.D. W. Va. Mar. 22, 2005) (Goodwin, C.J.). All of them have been dismissed. Plaintiff also filed two habeas corpus actions, pursuant to 28 U.S.C. § 2254, which were also dismissed.

Plaintiff's Complaint in this case, his twelfth, reads as follows (<u>verbatim</u>):

> I have tryed not to sue the defendants for years, I have no wishes to sue until I'm free. It was a long time before I realized I was a victim of false imprisonment/kidnapping.

(Complaint, at 4.) Plaintiff asks for the following relief:

> Appoint counsel. Set me free immediately, if not sooner. Order compensation since approx. June 30, 1993 for false imprisonment.

<u>Id.</u>, at 6.

Plaintiff has applied to proceed without prepayment of fees and costs pursuant to 28 U.S.C. § 1915 (docket # 1). Subsection (g) of that statute provides as follows:

> **(g)** In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained

3

>     in any facility, brought an action or appeal in a court
>     of the United States that was dismissed on the grounds
>     that it is frivolous, malicious, or fails to state a
>     claim upon which relief may be granted, unless the
>     prisoner is under imminent danger of serious physical
>     injury.

28 U.S.C. § 1915(g) (West 2008).

The undersigned proposes that the presiding District Judge **FIND** that Plaintiff has filed more than three actions which have been dismissed as frivolous or as failing to state a claim upon which relief can be granted, and that the allegations of the instant complaint do not suggest that Plaintiff is in imminent danger of serious physical injury.

Based on these proposed findings, it is **RECOMMENDED** that the District Court deny Plaintiff's application to proceed without prepayment of fees and costs.  If Plaintiff fails to pay the filing fee of $350.00 within a reasonable time, this action should be dismissed with prejudice.

Plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(a), Federal Rules of Civil Procedure, Plaintiff shall have ten days (filing of objections) and then three days (mailing and service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of this

4

Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Copenhaver and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff.

October 21, 2008
Date

Mary E. Stanley
United States Magistrate Judge